FLOYD W. ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 12326-91
United States Tax Court
T.C. Memo 1993-159; 1993 Tax Ct. Memo LEXIS 165; 65 T.C.M. (CCH) 2377; April 13, 1993, Filed *165 Floyd W. Adams, pro se. For respondent: Christopher Faiferlick. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the years in issue. Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1) [1]
6653(a)(2)
6654(a) [2]
1983
$ 11,868
$ 2,890.25
$ 593.40
50% of the
$ 702.07
1984
13,129
2,394.75
656.45
interest
544.89
1985
16,889
3,095.75
844.45
due on
644.00
1986
10,516
2,621.50
525.80
the
506.00
1987
9,924
2,481.00
496.20
deficiency
--  *166 Petitioner Floyd W. Adams resided in Cupertino, California, at the time he filed the petition in this case. Summary judgment is a device intended to serve judicial economy through the avoidance of "unnecessary and expensive trials of phantom factual questions." . Rule 121 allows a party to move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(b) provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. ; . The moving party bears the burden of proving that there is no genuine issue of material fact. . Factual inferences are read in a light most favorable to the party opposing summary judgment. ; *167 On August 3, 1992, respondent filed a formal request for admissions with the Court. Petitioner was served with a copy of this request, but did not respond. As a result, each matter set forth in respondent's formal request for admissions is deemed admitted. Rule 90(c); see ; . On September 24, 1992, respondent filed a motion for summary judgment. A hearing on this motion was held on October 13, 1992. On November 12, 1992, petitioner filed a notice of objection to summary judgment. Having considered the deemed admissions before us, we conclude that there are no genuine issues of material fact in this case. As a result, respondent's motion for summary judgment may be considered on its legal merits. See Rule 121(b). The following pertinent facts are deemed admitted: Petitioner did not file Federal income tax returns for 1983, 1984, 1985, 1986, or 1987. [1] Neither has he provided any evidence that he mailed or otherwise attempted to deliver Federal income tax returns for *168 these years. Petitioner was, however, aware of his responsibility to file Federal income tax returns with the Internal Revenue Service on an annual basis. Petitioner received the following compensation during the years in issue: Year
Employer
Amount
1983
Fairchild Camera Instruments, Inc.
$ 39,302
1984
Fairchild Camera Instruments, Inc.
42,613
1985
Fairchild Camera Instruments, Inc.
53,142
1986
Fairchild Camera Instruments, Inc.
38,500
1987
U.S. Semiconductor
42,000
In addition, petitioner received a $ 412 State of California income tax refund during 1983. Petitioner had the following amounts withheld from his compensation as prepayments of Federal income tax during the years in issue: Year
Employer
Amount
1983
Fairchild Camera Instruments, Inc.
$ 307
1984
Fairchild Camera Instruments, Inc.
3,550
1985
Fairchild Camera Instruments, Inc.
4,506
*169 Petitioner did not have any Federal income tax withheld from his compensation during 1987. He filed a Form W-4, Employee's Withholding Allowance Certificate, with his employer claiming that he was exempt from having to pay estimated Federal income tax for that year. Petitioner received the following amounts of interest income during the years in issue: Year
Amount
1983
$ 44.00
1984
28.00
Petitioner received the following dividend payments during the years in issue: Year
Stockbroker
Amount
1983
Merrill Lynch
$ 16.00
1984
Merrill Lynch
31.00
Petitioner received the following income from the sale of securities during the years in issue: Year
Stockbroker
Amount
1984
Merrill Lynch
$ 1,524
Respondent's determination is presumptively correct. The burden of proof is on petitioner to establish the incorrectness of respondent's determinations. Rule 142(a); . Petitioner presented no meaningful defense to respondent's motion for summary judgment. Based on the evidence before us and petitioner's deemed admissions, it is clear that petitioner failed to file Federal income tax returns *170 for 1983, 1984, 1985, 1986, 1987, and that he had unreported taxable income during those years. In addition, we find respondent's calculations to be reasonable and supported by the evidence. As a result, we will grant respondent's motion as to the amount of deficiencies determined in the notices of deficiency. See ; , affd. per curiam . In addition to the deficiencies, respondent determined that petitioner is liable for additions to tax for negligence pursuant to section 6653(a)(1) and (a)(2) and section 6653(a)(1)(A) and (B). Petitioner has not demonstrated that he exercised the due care and ordinarily prudent caution necessary to avoid the negligence additions with regard to any part of the deficiencies. See . Taxpayers have a statutory duty to timely file their income tax returns, sec. 6072(a), and the breach of this duty is sufficient evidence of negligence. , *171 affd. . We therefore hold that the entire deficiencies asserted by respondent for the years in issue are attributable to negligence or intentional disregard of rules or regulations within the meaning of section 6653(a). Thus, respondent is entitled to summary judgment with respect to the negligence additions to tax. Respondent also determined that petitioner is liable for additions to tax for failure to pay estimated income tax pursuant to section 6654. Where prepayments of tax, either through withholding or by quarterly estimated tax payments, do not equal the percentage of total liability required under the statute, the addition under section 6654 applies, unless petitioner can show that one of the several statutorily provided exceptions is applicable. Sec. 6654; . Petitioner did not prepay sufficient Federal income taxes. Neither are any of the exceptions to the section 6654 addition applicable. As a result, respondent is entitled to summary judgment with respect to the determined additions to tax under section 6654. Finally, respondent *172 determined that petitioner is liable for additions to tax for failure to file a tax return pursuant to section 6651(a). Respondent's determination of the section 6651(a) additions is deemed admitted when petitioner fails to respond to respondent's request for admissions. See, e.g., . Accordingly, respondent is also entitled to summary judgment with respect to these additions to tax. In sum, we hold that respondent's determinations as set forth in the notices of deficiency are correct, and that petitioner is liable for the determined deficiencies and additions to tax. Accordingly, respondent's motion for summary judgment will be granted with regard to each of the issues before the Court. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. For 1986 and 1987, the additions to tax for negligence are codified under section 6653(a)(1)(A) and (B).↩
2. The notices of deficiency determined section 6654(a) additions to However, in respondent's motion for summary judgment, additions tax. to tax under section 6661 were asserted, rather than the additions to tax under section 6654(a). We assume this to be a typographical error.↩
1. We note that, pursuant to sec. 6501(c)(3), "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." Thus, the statute of limitations is not a consideration in this case.↩